IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LOIS MARKOFF, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>INDEPENDENT BANK CORPORATION,<br><br>              Defendant. | Case No.<br><br>CLASS ACTION<br>JURY DEMANDED |

## CLASS ACTION COMPLAINT

Lois Markoff ("Plaintiff"), by her attorneys, The Consumer Advocacy Center, P.C. and Liblang & Associates, P.C., states as follows for her Class Action Complaint against Independent Bank ("Defendant").

### The Parties

1. Plaintiff is a Michigan citizen and resides in this district.

2. Defendant is a bank with its principal place of business in this district.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the Defendant does business throughout the State of Michigan, including the Eastern District of Michigan.

**Statutory/Regulatory Authority**

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*., require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**Facts Related To Plaintiff**

8. On July 7, 2008, Plaintiff used an automated teller machine ("ATM") located at 3800 Alpine Ave., Grand Rapids, MI.

9. On July 7, 2008, Plaintiff was charged a $2.50 fee to withdraw money from the ATM.

10. On July 7, 2008, there was no notice posted on or near the ATM that disclosed that users would be charged any fee for using the ATM.

11. Defendant has a wide network of ATMs, a significant number of which did not have Posted Fee Notices during the relevant time period.

**COUNT I**
**VIOLATION OF EFTA AND REGULATION E**

12. Plaintiff incorporates herein by reference paragraphs 1-11.

13. Plaintiff brings this Count on behalf of herself and a Class of all persons who

were charged a transaction fee for the use of any Independent Bank automated teller machine when Independent Bank did not post a notice on the automated teller machine that it would impose a transaction fee on users of that automated teller machine.

14. The putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

15. Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

(a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

(b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

16. Plaintiff's claims are typical of the claims of the putative class members, including:

(a) Plaintiff and all putative class members used an ATM operated by Defendant;

(b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendants' ATMs.

17. Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

18. Questions of law or fact common to the Class predominate over any questions

affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

19. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

20. The size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

21. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

22. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

23. Defendant was the operator of each ATM at the locations referenced in paragraph 12 above at all times relevant to this action.

24. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

25. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendant's ATMs.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in her favor and against Independent Bank and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

**Plaintiff Demands A Trial By Jury**

THE CONSUMER ADVOCACY CENTER, P.C.

By: /s/ Lance A. Raphael_____
    Attorneys for Plaintiff

LIBLANG & ASSOCIATES, P.C.,

By: /s/ Dani K. Liblang_____
    Attorneys for Plaintiff

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808

Dani K. Liblang (P33713)
Liblang & Associates, P.C.
346 Park Street, Suite 200
Birmingham, MI 48009
248.540.9270